## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| MICHAEL LEE POTEET, JR., | :: | HABEAS CORPUS |
| Petitioner, | :: | 28 U.S.C. § 2254 |
| | :: | |
| v. | :: | |
| | :: | |
| CEDRIC TAYLOR, *Warden*, | :: | CIVIL ACTION NO. |
| Respondent. | :: | 1:13-CV-0575-WSD-RGV |

### FINAL REPORT AND RECOMMENDATION

Petitioner Michael Lee Poteet, Jr., an inmate at the Autry State Prison in Pelham, Georgia, has filed this 28 U.S.C. § 2254 petition to challenge his March 15, 2010, conviction in the Superior Court of Cobb County. [Doc. 1]. The matter is before the Court for a preliminary review pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts (hereinafter "Rule 4").[1] For the reasons stated below, the undersigned **RECOMMENDS** that this action be dismissed under Rule 4.

---

[1] Rule 4 requires the court to order summary dismissal of a petition for habeas corpus "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." See also McFarland v. Scott, 512 U.S. 849, 856 (1994) (stating that Rule 4 dismissal is appropriate when a petition "appears legally insufficient on its face").

## I.  DISCUSSION

On March 15, 2010, following petitioner's guilty plea to one count of child molestation, the Superior Court of Cobb County sentenced him to seven years of imprisonment.  [Doc. 1 at 1].  Petitioner did not file a direct appeal.  [Id.].  On May 26, 2011, petitioner filed a state habeas corpus petition in the Superior Court of Mitchell County.  [Doc. 1-1 at 8].  After a March 5, 2012, evidentiary hearing, the state habeas court denied the petition on August 26, 2012.  [Id.].  The Georgia Supreme Court denied petitioner a certificate of probable cause to appeal the denial of habeas corpus relief on January 22, 2013.  [Id. at 6].  Petitioner filed this § 2254 petition on February 6, 2013.[2]  [Doc. 1 at 8].  As grounds for relief, petitioner alleges that:  the trial court abused its discretion by, among other things, conducting its own psychiatric evaluation; there was insufficient evidence; his due process rights were violated; and he received ineffective assistance of counsel.  [Id. at 5-6; Doc. 1-1 at 9-24].

A § 2254 petition is subject to a statutory one-year limitation period, which runs from the latest of the following:

---

[2] Pursuant to the "mailbox rule," a pro se prisoner's federal habeas petition is deemed filed on the date it is delivered to prison authorities for mailing.  28 U.S.C. foll. § 2254, Rule 3(d); Adams v. United States, 173 F.3d 1339, 1341 (11th Cir. 1999) (per curiam).

2

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).  In this case, there is no claim that the circumstances set forth in subparagraphs (B) through (D) of § 2244(d)(1) apply.  Thus, the limitations period began to run on April 14, 2010, thirty days after entry of petitioner's judgment of conviction.  See O. C. G. A. § 5-6-38(a) (notice of appeal must be filed within thirty days after entry of judgment); Bridges v. Johnson, 284 F.3d 1201, 1202 (11th Cir. 2002) (holding that prisoner's conviction became final under § 2244(d)(1)(A) when the time for filing a direct appeal expired).  Accordingly, petitioner had until April 14, 2011, to file a § 2254 petition.

3

Statutory tolling applies when "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). However, "a state court petition . . . that is filed following the expiration of the federal limitations period 'cannot toll that period because there is no period remaining to be tolled.'" Tinker v. Moore, 255 F.3d 1331, 1333 (11th Cir. 2001) (citation omitted). Because petitioner did not file his state habeas petition until May 26, 2011, more than one month after the limitations period had expired, he is not entitled to statutory tolling.

Additionally, petitioner does not contend that he is actually innocent and has not alleged extraordinary circumstances that might excuse the late filing of his federal petition. See Holland v. Florida, 130 S. Ct. 2549, 2562 (2010) (The limitations period set forth in "§ 2244(d) is subject to equitable tolling" when a petitioner "shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing.") (citation omitted); Johnson v. Florida Dep't of Corr., 513 F.3d 1328, 1333-36 (11th Cir. 2008) (declining to address whether there is an actual innocence exception to the limitations period applicable to § 2254 actions because petitioner had not shown actual innocence).

4

Therefore, petitioner's § 2254 petition, which he filed on February 6, 2013, is untimely by more than one and a half years.

## II. CERTIFICATE OF APPEALABILITY

Under Rule 22(b)(1) of the Federal Rules of Appellate Procedure, "the applicant cannot take an appeal unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. § 2253(c)." Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Section 2253(c)(2) of Title 28 states that a certificate of appealability ("COA") shall not issue unless "the applicant has made a substantial showing of the denial of a constitutional right." A substantial showing of the denial of a constitutional right "includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 483-84 (2000) (internal quotation marks omitted).

Where, as here, a habeas petition is denied on procedural grounds without reaching the prisoner's underlying constitutional claim, "a certificate of appealability

5

should issue only when the prisoner shows both that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right <u>and</u> that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." <u>Jimenez v. Quarterman</u>, 555 U.S. 113, 118 n.3 (2009) (internal quotations marks omitted) (citing <u>Slack</u>, 529 U.S. at 484).  Because petitioner cannot show that reasonable jurists could debate the dismissal of this habeas action as time barred, he should be denied a COA.

## III.  CONCLUSION

For the reasons set forth above, **IT IS RECOMMENDED** that this 28 U.S.C. § 2254 petition, [Doc. 1], be **DISMISSED** under Rule 4 and that a COA be **DENIED**.

The Clerk is **DIRECTED** to terminate the referral to the Magistrate Judge.

**SO RECOMMENDED**, this 22nd day of March, 2013.

_Russell G. Vineyard_
RUSSELL G. VINEYARD
UNITED STATES MAGISTRATE JUDGE

6