IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

MICHAEL LEE POTEEET, JR.,

       Petitioner,

v.                                   1:13-cv-0575-WSD

CEDRIC TAYLOR, Warden

       Respondent.

**OPINION AND ORDER**

This matter is before the Court on Magistrate Judge Russell G. Vineyard's Final Report and Recommendation (the "R&R") [4]. The Magistrate Judge recommended that the Court (1) dismiss this action under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts as untimely and (2) deny the issuance of a certificate of appealability.

**I.   BACKGROUND**[1]

On March 15, 2010, Petitioner Michael Lee Poteet, Jr. ("Petitioner"), pled

---

[1] Petitioner did not object to the facts set out in the R&R. Finding no plain error in the Magistrate Judge's findings of facts, the Court adopts the facts in the R&R.

guilty in the Cobb County Superior Court to one count of child molestation and was sentenced to seven years of imprisonment. [4, at 2]. On May 26, 2011, he filed his state habeas petition in the Superior Court of Mitchell County which held an evidentiary hearing on the petition. [Id.]. On August 26, 2012, the petition was denied. [Id.]. On January 22, 2013, the Georgia Supreme Court denied a certificate of probable cause to appeal denial of the petition. [Id.].

On February 6, 2013, Petitioner, now an inmate at the Autry State Prison in Pelham, Georgia, petitioned for a writ of habeas corpus under 28 U.S.C. § 2254 challenging his March 15, 2010, conviction (the "Petition") [1].[2] Petitioner argues (i) that the trial court abused its discretion by conducting its own psychiatric evaluation of Petitioner; (ii) that there was insufficient evidence to support Petitioner's conviction; (iii) that his due-process rights were violated; and (iv) that his counsel provided ineffective assistance. [4, at 2].

On March 22, 2013, the Magistrate Judge issued his R&R recommending dismissal of the Petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases. The Magistrate Judge found that (i) the Petition was untimely under 28 U.S.C. § 2244(d)(1), (ii) statutory tolling of the limitations period did not apply,

---

[2] Petitioner hand-delivered the Petition to his prison guard on February 6, 2013, which is the date the Petition is deemed filed under the mailbox rule.

and (iii) Petitioner did not allege actual innocence or any extraordinary circumstance to allow an untimely Petition. [Id. at 2-4]. The Magistrate Judge also recommended that a certificate of appealability not be issued. [Id. at 5-6].

Petitioner did not file objections to the R&R.

## II. DISCUSSION

### A. Legal Standard

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject or modify a magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1); Williams v. Wainwright, 681 F.2d 732 (11th Cir. 1982). A district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). The district judge is required to "'give fresh consideration to those issues to which specific objection has been made by a party.'" Jeffrey S. by Ernest S. v. State Board of Educ. of Ga., 896 F.2d 507, 512 (11th Cir. 1990) (quoting H.R. Rep. No. 94-1609, 94th Cong., 2d Sess. (1976)). With respect to findings and recommendations to which objections have not been asserted, the Court must conduct a plain error review of the record. United States v. Slay, 714 F.2d 1093,

1095 (11th Cir. 1983). Petitioner did not object to the R&R, and the Court thus reviews the R&R for plain error.

    B.    Analysis

        1.    *Whether Petitioner's § 2254 petition is time-barred*

28 U.S.C. § 2244(d)(1) provides that a one-year limitations period "shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." The limitations period runs from the latest of "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review . . . ." 28 U.S.C. § 2244(d)(1). Petitioner did not file a direct appeal, and the Magistrate Judge found that the last day Petitioner could timely file his Petition, absent tolling, was April 14, 2011. The Court does not find any plain error in this finding. See Bridges v. Johnson, 284 F.3d 1201, 1202 (11th Cir. 2002) (holding that a prisoner's conviction becomes final under § 2244(d)(1)(A) when the time for filing a direct appeal expires); O.C.G.A. § 5-6-38(a) (A notice of appeal must be filed within thirty days after the entry of judgment.).

The Magistrate Judge also found that Petitioner is not entitled to statutory tolling because he filed his state habeas petition on May 26, 2011, after the federal limitations period expired on April 14, 2011. The Court does not find any plain

4

error in this finding.  See Tinker v. Moore, 255 F.3d 1331, 1333 (11th Cir. 2001) (holding that a state-court petition does not toll the federal limitations period if the petition is filed after the expiration of the federal limitations period).

Finally, the Magistrate Judge found that equitable tolling does not apply here because Petitioner failed to plead actual innocence or an extraordinary circumstance supporting that the limitations period be equitably tolled.  The Court does not find any plain error in this finding.  See Holland v. Florida, 560 U.S. 631, 130 S.Ct. 2549, 2562 (2010) (Equitable tolling requires that the petitioner shows that (1) he has been pursuing his rights diligently and (2) some extraordinary circumstance stood in his way and prevented timely filing.); Johnson v. Fla. Dep't of Corr., 513 F.3d 1328, 1333-36 (11th Cir. 2008) (declining to equitably toll the limitations period because petitioner did not show actual innocence).  The Court concludes the one-year limitations period of 28 U.S.C. § 2244(d)(1) bars the Petition and it is required to be dismissed.

> 2.   *Whether a certificate of appealability should be issued*

Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  Section 2253(c)(2) provides that a certificate of appealability shall not issue unless "the

applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  A substantial showing is a showing that "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner."  Slack v. McDaniel, 529 U.S. 473, 483-84 (2000) (internal quotation marks omitted).  Where a habeas petition is denied on procedural grounds without reaching the prisoner's underlying constitutional claim, "a certificate of appealability should issue only when the prisoners shows . . . that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  Jimenez v. Quarterman, 555 U.S. 113, 118 n.3 (2009) (citing Slack, 529 U.S. at 484).

The Magistrate Judge determined that no reasonable jurist would debate whether Petitioner's Petition should have been resolved in a different manner because Petitioner's Petition is time-barred.  There is no plain error in this finding and the Court determines that a certificate of appealability should be denied.

### III.  CONCLUSION

For the reasons stated above,

**IT IS HEREBY ORDERED** that Magistrate Judge Russell G. Vineyard's findings and recommendations in the Final Report and Recommendation [4] are **ADOPTED**.

**IT IS FURTHER ORDERED** that the Petition is **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**.

**SO ORDERED** this 16th day of September, 2013.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE